```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
```

| | |
|---|---|
| JOSEPH KENNEDY, | **REPORT AND** |
| | **RECOMMENDATION** |
| Plaintiff, | 06-CV-1907 (DLI) (LB) |
| -v- | |
| HOSPITAL CLINIC HOME CENTER | |
| INSTRUCTIONAL CORP., | |
| Defendant. | |

```
-------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* employment discrimination action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*. Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] The Honorable Dora L. Irizarry referred defendant's motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendant's motion for summary judgment should be granted.

## BACKGROUND

The following facts are not in dispute, unless otherwise noted.[2] On January 24, 2005,

---

[1] Defendant provided plaintiff with the requisite notice pursuant to Local Civil Rule 56.2.

[2] Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement" of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in arguing that there is no genuine issue to be tried. See Local Rule 56.1(a); see also Gianullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 72 (2d Cir. 2001). Defendant filed a 56.1(a) statement. Plaintiff failed to file a 56.1(a) statement. As such, the Court may deem the facts in defendant's Rule 56.1 statement admitted. See Local Rule 56.1(c). However, the Court may not rely solely on the statement of undisputed facts contained in the Rule 56.1 statement: "[i]t must be satisfied that the citation

1

plaintiff began employment at ACE Preschool ("ACE"), a preschool which serves children with special needs. The executive director of ACE is Frieda Spivack, PhD. ("Spivack"), a licensed school psychologist, whose responsibilities include the hiring and firing of staff. Rule 56.1 Statement ¶ 1. The administrator of ACE is Lilly Cordova ("Cordova"). Affidavit of Lilly Cordova ¶ 6 ["Cordova Aff."] at Exhibit F.

At the start of plaintiff's employment he received an employment manual which set forth the hours for the teaching staff and the procedures to follow if an employee is late. See HC/HC Staff Policies ("Employment Manual"), annexed to defendant's motion for summary judgment as Exhibit B. The employment manual states that: "It is important to be prompt. Consistent lateness (even five minutes) will not be tolerated." Id at ¶ 23. Moreover, the employment manual states that leaving work early without permission is grounds for immediate suspension or discharge. See Employment Manual, Staff Regulations at ¶ 6, Exhibit B. Plaintiff signed an acknowledgment stating that he has read and understood ACE's personnel policies on January 27, 2005. See Acknowledgment Receipt, annexed to Employment Manual, Exhibit C.

Plaintiff's assigned work hours were from 8:15 a.m. to 3:00 p.m. See Employment Manual, Exhibit B. Defendant utilized a time card system to keep track of the arrival and departure of employees. See Copy of Time Cards, annexed to defendant's motion for summary judgment as Exhibit C.[3] Plaintiff's time cards, which plaintiff created when he clocked in each

---

to the evidence in the record supports the assertion." Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004); see Gianullo, 322 F.3d at 143 n.5. Therefore, the Court deems admitted only those facts that are supported by admissible evidence and not controverted by the record.

[3] Defendant labeled both the time cards and the acknowledgment receipt as Exhibit C.

2

morning, reflect the time he arrived at work and the dates on which he was late. Id. During plaintiff's twenty-two days of employment, he was late a total of 13 days.[4] In addition, on January 25, 2005, after arriving at work twenty minutes late, plaintiff was absent from school for two hours in the afternoon without permission. Rule 56.1, Statement ¶ 5. When plaintiff was confronted about leaving the school without permission on January 25, 2005, he stated he was ill. Id. Moreover, on February 16, 2005, Dr. James La Femina, a supervisor at ACE, and Cordova admonished plaintiff for his lateness and informed him that his next lateness would result in termination. Rule 56.1, Statement ¶ 7; see also NYS Department of Labor, Unemployment Insurance Notice of Protest at 3, ¶¶ 5-6, annexed to defendant's motion for summary judgment as Exhibit E.

On February 18, 2005, Spivack met with plaintiff and asked him to explain his chronic lateness. Spivack then terminated plaintiff because of his failure to show up to work on time. After Spivack told him that he was terminated, plaintiff stated that he suffered from Attention Deficit Disorder ("ADD"). See Spivack Aff. ¶ 23; Cordova Aff. ¶ 18.

---

[4] On January 25, 2005, plaintiff clocked in at 8:50 a.m.
On January 26, 2005, plaintiff clocked in at 8:49 a.m.
On January 31, 2005, plaintiff clocked in at 8:39 a.m.
On February 1, 2005, plaintiff clocked in at 9:15 a.m.
On February 3, 2005, plaintiff clocked in at 8:41 a.m.
On February 4, 2005, plaintiff clocked in at 8:43 a.m.
On February 7, 2005, plaintiff clocked in at 8:50 a.m.
On February 9, 2005, plaintiff clocked in at 8:48 a.m.
On February 10, 2005, plaintiff clocked in at 8:51 a.m.
On February 14, 2005, plaintiff clocked in at 8:47 a.m.
On February 15, 2005, plaintiff clocked in at 8:38 a.m.
On February 16, 2005, plaintiff clocked in at 9:00 a.m.
On February 18, 2005, plaintiff clocked in at 8:36 a.m.

See Rule 56.1 Statement ¶¶ 5,6,8; see also Time Cards, Exhibit C. Although defendant calculates that plaintiff was late to work a total of twelve days, based on the information provided by defendant, plaintiff was late a total of thirteen days.

**Procedural Background**

On March 2, 2005, plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("DHR"). Complaint at ¶ 9. On October 7, 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and received a right-to sue letter from the EEOC on January 18, 2006. See Dismissal and Notice of Rights, attached to Plaintiff's Complaint. Upon receipt of his right-to-sue letter, plaintiff timely filed the instant complaint. Defendant files the instant motion for summary judgment; plaintiff has not opposed the motion.

## DISCUSSION

**Standard of Review**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (quoting Anderson, 477 U.S. at 248 ); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221

F.3d 394, 398 (2d Cir. 2000); Williams v. British Airways, PLC, Nos. 04 Civ. 0471, 06 Civ. 5085, 2007 WL 2907426, at *9 (E.D.N.Y. Sept. 27, 2007). For the purposes of defendant's motion for summary judgment, the facts here are viewed in the light most favorable to plaintiff.

"An opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see Matsushita, 475 U.S. at 586-87. In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." Niagra Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)); White v. New York City Dept. of Educ., No. 05 CV 2064, 2008 WL 4507614, at *2 (Sept. 30, 2008). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Niagra Mohawk Power Corp., 315 F.3d at 175 (quoting Anderson, 477 U.S. at 252)).

Although plaintiff has not opposed the motion, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Vt. Teddy Bear Co., Inc., 373 F.3d at 244 (citing Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)). Furthermore, " 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**Plaintiff's Claims Under the ADA[5]**

Employment discrimination claims under the ADA are evaluated using the three-part burden-shifting analysis set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973) and its progeny. See Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48 (2d Cir. 2002) (applying the McDonnell- Douglas burden-shifting framework to analyze a claim of intentional discrimination under the ADA).

Under McDonnell-Douglas, (1) a plaintiff must first establish a *prima facie* case of discrimination; (2) the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions; if the employer does so, (3) the burden shifts back to the plaintiff to prove that the employer's stated reason is pretextual and that discrimination was a motivating factor for the adverse employment action. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); Sista v. CDC Ixis North America, Inc., 445 F.3d 161, 169 (2d Cir. 2006).

In order to establish a *prima facie* case of disability discrimination, a plaintiff must show that: (1) his employer is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job with or

---

[5] The ADA was amended effective January 1, 2009. See ADA Amendments Act of 2008, Pub.L. 110-325, 122 Stat. 3553 (2008). The ADA Amendments Act expressly rejects certain holdings of the Supreme Court in both Sutton v. United Airlines, 527 U.S. 472, 489 (1999) and Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184 (2002), which "narrowed the broad scope of protection intended to be afforded by the ADA" Pub.L. No. 110-325, § 2(a)(4),(5),(6). The revised statute does not affect the disposition here, as the Amendment is not applied retroactively to conduct that preceded its effective date. See, e.g., Levy ex rel. Levy v. Hustedt Chevrolet, No. 05 CV 4832, 2008 WL 5273927, at *3 n.2 (E.D.N.Y. Dec. 17, 2008); Gibbon v. City of New York, No. 07 Civ. 6698, 2008 WL 5068966, at *5 n.47 (S.D.N.Y. Nov. 25, 2008); Ragusa v. Malverne Union Free School Dist., No. 06 Civ. 4905, 2008 WL 4527739, at *8 n.3 (E.D.N.Y. Sept. 30, 2008).

without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. Sista, 445 F.3d at 169; Jacques v. DiMarzio, Inc., 386 F.3d 192, 198 (2d Cir. 2004); Messer v. Board of Educ. of City of New York, No. 01 CV 6129, 2007 WL 136027, at *10 (E.D.N.Y. Jan. 16, 2007).

Furthermore, providing an employer with notice of a claimed disability is also an essential element of a wrongful termination case under the ADA. Raytheon v. Hernandez, 540 U.S. 44, 55 n.7 (2003) (adverse employment action cannot be based on disability discrimination if employer was unaware of the plaintiff's disability); Woodman v. WWOR-TV, Inc., 411 F.3d 69, 81 (2d Cir. 2005); see also Watson v. Arts & Entertainment Television Network, No. 04 Civ. 1932, 2008 WL 793596 at *10 (S.D.N.Y. Mar. 26, 2008) (notice to the employer of the claimed disability is an essential element of a termination case under the ADA).

The first prong of a *prima facie* case of disability discrimination–that defendant is subject to the ADA is not in dispute here. However, whether plaintiff is disabled within the meaning of the ADA is disputed by defendant.

**Plaintiff is Not Disabled Within the Meaning of the ADA**

Defendant argues that plaintiff fails to establish that he is disabled within the meaning of the ADA. The ADA defines "disability" as either: (A) a physical or mental impairment that substantially limits one or more of an individual's major life activities; (B) a record of such impairment; or (C) being regarded as having such impairment. See 42 U.S.C. § 12102; Bragdon v. Abbott, 524 U.S. 624, 632 (1998); Regional Economic Community Action Program, 294 F.3d at 46. Plaintiff must satisfy one of these three definitions. Colwell v. Suffolk County Police Dept., 158 F.3d 635, 641 (2d Cir. 1998). Because plaintiff fails to specify which subsection he is

bringing his claim under, the Court analyzes his claim under all three subsections of 42 U.S.C. § 12102.

Under subsection (A), a plaintiff must show that he suffers from a physical or mental impairment that substantially limits an identified "major life activity." Jacques, 386 F.3d at 201; accord Ramirez v. New York City Bd. of Educ., 481 F.Supp.2d 209, 218 (E.D.N.Y. 2007). Although the ADA does not define the term "impairment," the EEOC has issued administrative regulations implementing the ADA, which define a "physical or mental impairment" as follows:

> (1) Any physiological disorder, or condition . . . affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine; or
>
> (2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1630.2(h).

Plaintiff alleges that he is disabled because he suffers from ADD. Defendant asserts that plaintiff failed to mention that he suffered from ADD at any time during his employment. See Rule 56.1, Statement ¶¶ 2, 5, 9; Spivack Aff. ¶¶ 8, 23; Cordova Aff. ¶¶ 6, 18. Even when plaintiff was admonished for his lateness, he never claimed a disability. See Rule 56.1, Statement ¶ 7. Moreover, defendant further argues that plaintiff's annual health form dated August 17, 2004, required of all teachers by the New York City Department of Health, does not reflect that plaintiff had any health or medical impairments, including ADD. See NYC Department of Health, Annual Staff Health Form, annexed to defendant's motion for summary judgment as Exhibit D. It was not until plaintiff was terminated on February 18, 2005, that he first raised the issue of ADD.

Although plaintiff has failed to submit any evidence to demonstrate that he suffers from ADD, the Court will presume that plaintiff suffers from ADD. See Berchovitch v. Baldwin Sch. Inc., 133 F.3d 141, 155 (1st Cir. 1998) ("On the facts of a specific case, a plaintiff diagnosed with ADHD may have a mental impairment under the meaning of the statute."); Montgomery v. Chertoff, No. 03 CV 5387, 2007 WL 1233551, at *5 (E.D.N.Y. Apr. 25, 2007) (ADHD qualifies as an impairment).

However, even presuming plaintiff suffers from ADD, this does not establish that plaintiff is disabled within the meaning the ADA. "Merely having an impairment does not make one disabled for purposes of the ADA." Ramirez, 481 F.Supp.2d at 218 (quoting Toyota Motor Mfg., Kentucky, Inc., 534 U.S. at 195 (2002).[6] Rather, plaintiff must also establish that the impairment limits a major life activity. Major life activities include caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 42 U.S.C. § 12102 (2)(A); Capobianco v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005); Bakker v. New York City Dept. of Enviromental Protection, No. 03 CV 356, 2006 WL 3257238, at *8 (E.D.N.Y. Sept. 28, 2006).

Defendant argues that plaintiff fails to identify a major life activity that is affected by his ADD. This Court agrees. Plaintiff does not assert that his alleged disability limits his ability to care for himself, perform manual tasks, walk, see, hear, speak, learn or work. In fact, plaintiff states that his "disability does not adversely affect [his] capacity to work or perform core responsibilities as a behavior specialist." Complaint at 4, ¶ 8. Rather, plaintiff alleges that his

---

[6] Toyota Motor Mfg., Kentucky, Inc., was overruled by the recently enacted amendments to the ADA. See ADA Amendments Act of 2008, Pub.L. 110-325, 122 Stat 3553 (2008).

9

disability makes it difficult for him "to be timely in the morning." Id. Accordingly by plaintiff's own admission he was not substantially limited in any major life activity.

Under subsection (B), the ADA's definition of disability may be satisfied if a plaintiff demonstrates "a record" of an impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102 (2)(B). The definition is satisfied "if a record relied on by an employer indicates that the individual has or has had a substantially limiting impairment." Colwell, 158 F.3d at 645 (citing 29 C.F.R. pt. 1630, App. 1630.2(k)); Cody v. County of Nassau, 577 F.Supp.2d 623, 642 -643 (E.D.N.Y. 2008).

Here, plaintiff failed to submit any record of impairment along with his complaint. Although a verified complaint is treated as an affidavit for summary judgment purposes, Gayle v. Gonyea, 313 F.3d 677, 682 (2d Cir. 2002), a complaint cannot create a genuine issue of material fact by presenting conclusory allegations. Mitchell v. Dep't of Corr., No. 05 Civ. 5792, 2008 WL 744041, at *7 (S.D.N.Y. Feb. 20, 2008); see e.g., Levy ex rel. Levy, 2008 WL 5273927, at *5 (conclusory statements are not sufficient to show that disability impaired a major life activity); Mikell v. Waldbaum, Inc., No. 02 Civ. 1501, 2003 WL 21018844 (S.D.N.Y. May 5, 2003) (same); Mazza v. Bratton, 108 F.Supp.2d 167, 175 (E.D.N.Y. 2000). Plaintiff offers no evidence to support a finding that he has a record of an impairment that substantially limits a major life activity. He simply concludes that his ADD made it difficult to be on time for his job.

To establish a disability under subsection (C), a plaintiff must show that he is "regarded as" having an impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102 (2)(C). "Whether an individual is 'regarded as' having a disability 'turns on the employer's perception of the employee' and is therefore 'a question of intent, not whether the employee has a

disability.'" Colwell, 158 F.3d at 646 (quoting Francis v. City of Meriden, 129 F.3d 281, 284 (2d Cir. 1997)). As previously noted, defendant was not aware that plaintiff suffered from ADD. Accordingly, plaintiff fails to present any evidence which shows defendant perceived him as having an impairment that substantially limited a major life activity.

### Defendant's Legitimate Non-Discriminatory Reason for Terminating Plaintiff

Even if plaintiff had established a *prima facie* case of disability discrimination, defendant has proffered a legitimate non-discriminatory reason for plaintiff's termination. Plaintiff's job as an assistant teacher required that he be present at the school when the children arrived in the morning. Plaintiff "was hired to be with the preschool children from the time they arrived at the school, to assist the classroom teacher in the instructional programs and to aid the children in their entering and leaving the premises." Cordova Aff. ¶ 4. The ADA does not require an employer to change a job's requirements to accommodate an employee. Plaintiff's arrival to work on time to greet the children was an essential function of his job. Shepheard v. City of New York, 577 F.Supp.2d 669, 676 (S.D.N.Y. 2008); Davis v. Bowe, No. 95 CV 4765, 1997 WL 655935, at *16 (S.D.N.Y. 1997) ("An employee cannot be considered 'otherwise qualified' when she is unable to report to work at the time required, because she is not able to perform one of the essential functions of her job."). Accordingly, defendant has satisfied its burden of setting forth a legitimate non-discriminatory reason for plaintiff's termination.

### Pretext

Defendant's proffer of a non-discriminatory reason for firing plaintiff shifts the burden back to plaintiff to demonstrate by a preponderance of the evidence that defendant's reason for his termination is a pretext and that disability discrimination was a motivating factor. Schnabel v.

11

Abramson, 232 F.3d 83, 88 (2d Cir. 2000). Considering the record as a whole and drawing all reasonable inferences in plaintiff's favor, plaintiff fails to demonstrate pretext. In less than one month of employment, plaintiff was late a total of thirteen out of twenty-two days. Plaintiff does not offer any medical or other evidence to demonstrate that he suffers from ADD or even if he does, that his impairment limits a major life activity. Plaintiff fails to establish that he was disabled within the meaning of the ADA, and that defendant discriminated against him based on his disability. Accordingly, plaintiff fails to establish a *prima facie* case of disability discrimination under the ADA. No genuine issue of material fact is in dispute. Therefore, defendant's motion for summary judgment should be granted.

## CONCLUSION

Defendant's motion for summary judgment should be granted and plaintiff's complaint should be dismissed.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 19, 2009
Brooklyn, New York